UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS

'08  JUL 17  A11 :11

CLERK, U.S. DISTRICT COURT
BY: _Plwood_ DEPUTY CLERK

| | |
|---|---|
| DISABLED PATRIOTS OF AMERICA, INC., : <br> a Florida Non Profit Corporation, and : <br> GUADALUPE BETANCOURT, Individually, : <br> : <br> Plaintiffs, : <br> vs. : <br> : <br> BUILDERS, INC., a Kansas Corporation, : <br> : <br> Defendant. : <br> _____ / : | Case No.  *D8 - 1216 -AT-WICHTA/ KS* <br><br> Magistrate Judge  *K M H* |

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiffs, DISABLED PATRIOTS OF AMERICA, INC., a Florida Non Profit Corporation,

and GUADALUPE BETANCOURT, Individually, on their behalf and on behalf of all other

individuals similarly situated, (sometimes referred to as "Plaintiff" or "Plaintiffs"), hereby sue the

Defendants, BUILDERS, INC., a Kansas Corporation, (sometimes referred to as "Defendant"), for

Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with

Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1.  Plaintiff, Guadalupe Betancourt, is an individual residing in Arkansas City, KS, in the
    County of Cowley.

2.  Plaintiff, DISABLED PATRIOTS OF AMERICA, INC., is a non profit corporation formed
    under the laws of the State of Florida.  DISABLED PATRIOTS OF AMERICA, INC.
    maintains its principal office at 702 North E Street, Lake Worth, FL 33460, in the County of
    Palm Beach.

3.  Defendant's property, Parklane Shopping Center, is located at 1000 S. Oliver St., Wichita,
    KS 67218, in the County of Sedgwick.

4.      Venue is properly located in the District of Kansas because venue lies in the judicial district

        of the property at issue. The Defendant's property is located in and Defendant does business

        within this judicial district.

5.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original

        jurisdiction over actions which arise from the Defendant's violations of Title III of the

        Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and §

        2202.

6.      Plaintiff Guadalupe Betancourt is a Kansas resident, is sui juris, and qualifies as an

        individual with disabilities as defined by the ADA. Guadalupe Betancourt has visited the

        property which forms the basis of this lawsuit and plans to return to the property to avail

        herself of the goods and services offered to the public at the property. The Plaintiff has

        encountered architectural barriers at the subject property. The barriers to access at the

        property have endangered her safety. The Plaintiff is also a member of the Plaintiff

        organization, DISABLED PATRIOTS OF AMERICA, INC., discussed below in

        paragraph 7.

7.      Plaintiff DISABLED PATRIOTS OF AMERICA, INC., is a nonprofit Florida corporation.

        Members of this organization include individuals with disabilities as defined by the ADA,

        and are representative of a cross-section of the disabilities to be protected from

        discrimination by the ADA. The purpose of this organization is to represent the interest of its

        members by assuring places of public accommodation are accessible to and usable by the

        disabled and that its members are not discriminated against because of their disabilities.

        DISABLED PATRIOTS OF AMERICA, INC. and its members have suffered and will

2

continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. DISABLED PATRIOTS OF AMERICA, INC. has also been discriminated against because of its association with its disabled members and their claims.

8.    Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Parklane Shopping Center, and is located at 1000 S. Oliver St., Wichita, KS 67218.

9.    DISABLED PATRIOTS OF AMERICA, INC. and Guadalupe Betancourt have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 11 of this complaint. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant. Guadalupe Betancourt desires to visit Parklane Shopping Center not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

10.   The Defendant has discriminated against the individual Plaintiff and members of the corporate Plaintiff organization by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the

3

buildings, as prohibited by 42 U.S.C. § 12182 et seq.

11.     The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in

violation of the ADA by failing to have accessible facilities by January 26, 1992 (or January

26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A

preliminary inspection of Parklane Shopping Center has shown that violations exist.  These

violations include, but are not limited to:

### Parking

A.      The accessible parking spaces are not located closest to the accessible entrances, improperly dispersed and marked as per US Code 23, Section 109 D (striped in white and prominently outlined in blue), and in violation of Section 4.6.2 of the ADAAG whose resolution is readily achievable.

B.      Where posted, signage at some of the designated accessible parking spaces are not mounted at sufficient heights in violation of section 4.6.4 of the ADAAG whose resolution is readily achievable.

C.      The disabled use parking spaces and/or unloading areas are located on a slope or cross slope in violation of Section 4.6.3 and 4.6.6 of the ADAAG whose resolution is readily achievable.

D.      Some of the disabled use spaces do not have clear and level access aisles provided, violating Sections 4.1.2, and 4.6.3 of the ADAAG whose resolution is readily achievable.

### Entrance Access and Path of Travel

A.      There are no accessible routes from the street, sidewalk and parking areas.  There are violations of the requirements in Sections 4.3.2, 4.5.2, 4.7.1 and 4.8.2 of the ADAAG whose resolution is readily achievable.

B.      There are changes in levels of greater than ½ inch, violating Section 4.3.8 of the ADAAG whose resolution is readily achievable.

C.      There are no proper handrails provided for the ramps to the facility, in violation of Section 4.8.5 of the ADAAG whose resolution is readily achievable.

4

D.      There are stairs provided at the facility that do not comply with the standards prescribed in Section 4.9 of the ADAAG whose resolution is readily achievable.

E.      A level landing is not provided at the accessible entrance and/or there are rises at the thresholds of the entrances at the facility that are in excess of 1/2 of an inch, violating Sections 4.13.6, 4.5.2 and 4.13.8 of the ADAAG whose resolution is readily achievable.

F.      There is not a continuous path of travel connecting all essential elements of the facility, in violation of Sections 4.3.1, 4.3.2 and 4.3.3 of the ADAAG whose resolution is readily achievable.

**Access to Goods and Services**

A.      There are counters throughout the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG whose resolution is readily achievable.

B.      There is fixed or built in seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG whose resolution is readily achievable.

C.      There are permanently designated interior spaces without proper signage in violation of Section 4.1.2 and 4.30 of the ADAAG whose resolution is readily achievable.

**Restrooms**

A.      The restroom door has improper hardware for disabled patrons, in violation of Section 4.13.9 of the ADAAG whose resolution is readily achievable.

B.      The grab-bars in the toilet room stalls do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG whose resolution is readily achievable.

C.      The toilet stalls provided for public use at the facility are in violation of Section 4.17 of the ADAAG whose resolution is readily achievable.

D.      The water closets that are provided for public use at the facility violate the provisions of Section 4.16 of the ADAAG whose resolution is readily achievable.

E.      There are urinals provided for public use that do not comply with the standards set forth in Section 4.18 of the ADAAG whose resolution is readily achievable.

5

F.   There are exposed pipes in restrooms at the facility, violating of Section 4.19.4 of the ADAAG whose resolution is readily achievable.

G.   The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19 of the ADAAG whose resolution is readily achievable.

H.   There restroom does not provide the required amenities for public use violating the provisions of the ADAAG whose resolution is readily achievable.

12.   The discriminatory violations described in paragraph 11 are not an exclusive list of the Defendant's ADA violations.  Plaintiffs require the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The individual Plaintiff, the members of the Plaintiff group, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The individual Plaintiff, the members of the Plaintiff group and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

13.   Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in

violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the

Defendant continues to discriminate against the Plaintiff, and all those similarly situated by

failing to make reasonable modifications in policies, practices or procedures, when such

modifications are necessary to afford all offered goods, services, facilities, privileges,

advantages or accommodations to individuals with disabilities; and by failing to take such

efforts that may be necessary to ensure that no individual with a disability is excluded, denied

services, segregated or otherwise treated differently than other individuals because of the

absence of auxiliary aids and services.

14.    Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Plaintiffs

have retained the undersigned counsel and are entitled to recover attorney's fees, costs and

litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

15.    Defendant is required to remove the existing architectural barriers to the physically disabled

when such removal is readily achievable for its place of public accommodation that has

existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an

alteration to Defendant's place of public accommodation since January 26, 1992, then the

Defendant is required to ensure to the maximum extent feasible, that the altered portions of

the facility are readily accessible to and useable by individuals with disabilities, including

individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is

one which was designed and constructed for first occupancy subsequent to January 26, 1993,

as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and

useable by individuals with disabilities as defined by the ADA.

16.    Notice to Defendant is not required as a result of the Defendant's failure to cure the

violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

17. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendant to alter Parklane Shopping Center to make those facilities readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

8

c.      An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C.

§ 12205.

d.      Such other relief as the Court deems just and proper, and/or is allowable under

Title III of the Americans with Disabilities Act.

Respectfully Submitted,

Dated: _7/17/08_

Thomas B. Bacon, Esquire, pro hac vice pending
tbb@fullerfuller.com
FULLER, FULLER & ASSOCIATES, P.A.
Co-Counsel for Plaintiffs
12000 Biscayne Blvd., Suite 609
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile

and

Robert J. Vincze, Esquire
LAW OFFICES OF ROBERT J. VINCZE
Co-Counsel for Plaintiffs
P.O. Box 792
Andover, KS 67002
(303) 204-8207
(316) 733-5787 - Facsimile
vinczelaw@att.net

By: _Robert J. Vincze_
Robert J. Vincze, Esquire (KS#14101)

Plaintiffs hereby designate Wichita as the place of trial.